UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JAMES ODIS SOWELL, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 17-008-DCR |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES PAROLE ) | **MEMORANDUM OPINION** |
| COMMISSION, et al., ) | **AND ORDER** |
| ) | |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate James Odis Sowell, Jr. is confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Sowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 2] For the reasons set forth below, Sowell's petition will be denied.

Sowell was convicted in 1991 in the Superior Court of the District of Columbia of armed robbery and attempted robbery. The court sentenced him to a total term of seven to 21 years in prison. [Record No. 5-1 at 1] Sowell asserts that he was paroled in 1996 and, shortly thereafter, was convicted of another robbery and sentenced to another four to 20 years in prison. [Record No. 7 at 3; Record No. 7-1 at 6-7] Sowell was again paroled in 2008, and his supervision was scheduled for termination in 2017. [Record No. 5-2 at 1]

However, in 2014, Sowell was charged with attempted robbery in North Carolina. [Record No. 2 at 8] While a jury eventually acquitted Sowell of that charge, the United States Parole Commission subsequently held a revocation hearing. [Record No. 2 at 5, 8]

At the hearing, multiple witnesses, including the purported victim, testified about Sowell's alleged attempted robbery. [Record No. 2 at 5] The Parole Commission revoked Sowell's parole and, in its decision, specifically stated that the witness testimony served as the basis for its finding. [Id.] The Parole Commission also discussed Sowell's "serious history of committing robbery offenses" and told him that "there is a reasonable probability your pattern of committing robberies or other violent offenses will be repeated if granted discretionary release." [Id.]

Sowell appealed the Parole Commission's decision, but the National Appeals Board found "that there was sufficient evidence for the Commission to find by a preponderance of evidence that [Sowell] committed a robbery." [Record No. 2 at 6] Sowell then filed this § 2241 petition, arguing that the Commission improperly revoked his parole. [Record No. 2]

Sowell, however, has a very steep hill to climb. That is because the Commission's substantive decision to deny parole was "an action committed to agency discretion." *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1983) (citation and internal quotation marks omitted). Thus, this Court's review of the Parole Commission's decision is "extremely limited." *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008) (quoting *Hackett v. U.S. Parole Comm'n*, 851 F.2d 127, 129 (6th Cir. 1987)). In fact, "[n]either the Commission's findings of fact nor its credibility decisions are subject to review." *Hinson v. United States*, 205 F.3d 1340, 1999 WL 1206871, at *1 (6th Cir. 1999) (citing *Farkas*, 744 F.2d at 39). Instead, this Court considers whether the Parole

Commission acted within its constitutional, statutory, and regulatory authority. *See Hackett*, 851 F.2d at 130.

There is no indication that the Parole Commission ran afoul of its legal authority. Sowell argues that the Commission's decision to revoke his parole for alleged attempted robbery was improper, given that a jury acquitted him of this underlying conduct. [Record No. 2 at 2-3, 12-13] But the Parole Commission heard the testimony of multiple witnesses and made its decision by a preponderance of the evidence, which is, of course, a lower threshold than the proof-beyond-a-reasonable-doubt standard that applied in Sowell's criminal case. *See* 28 C.F.R. § 2.105(a)(2) (stating that the Commission applies a preponderance of the evidence standard); *Blue Thunder v. U.S. Parole Comm'n*, No. 5:13-cv-187-JMH, 2014 WL 1779458, at *3 (E.D. Ky. 2014) (discussing the different standards of proof in parole revocation hearings and criminal cases). Thus, despite Sowell's arguments, his 2014 acquittal in federal court does not establish that the Parole Commission improperly revoked his parole. And while Sowell suggests that the Parole Commission violated his due process rights by basing its decision on "unreliable multiple-hearsay," he does not clearly identify which alleged hearsay is at issue. [Record No. 2 at 3; Record No. 7 at 2]. Ultimately, this Court has reviewed the documents Sowell submitted, and there is no indication that the Parole Commission violated his due process rights. Accordingly, it is hereby

**ORDERED** as follows:

1. Sowell's petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 23rd day of August, 2017.



Signed By:
Danny C. Reeves   DCR
United States District Judge